■ In the Matter of Foxwood Associates, Appellant, v Department of Environmental Conservation, Respondent. —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent which included a portion of the petitioner's property on the final freshwater wetland map of Nassau County, promulgated on July 30, 1984, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered January 23, 1985, which dismissed the proceeding.

Justice Bracken has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Judgment affirmed, without costs or disbursements.

The parcel at issue here is a pond on the petitioner's property and the land within 100 feet of the edge of the bank of the pond. The respondent based its determination to include this area on the final freshwater wetland map on its conclusion that the pond serves to recharge groundwater aquifers and as a habitat to the eastern tiger salamander, which New York State treats as an endangered species (6 NYCRR 182.5 [a] [4]).

Special Term upheld the determination on the basis that some larval and adult eastern tiger salamanders were discovered by the respondent's biologist on two occasions on the subject property or neighboring property, although not at the pond itself. It did not address the adequacy of the conclusion that the pond was "hydraulically connected to [the] aquifer" and thereby recharges it (6 NYCRR 664.5 [a] [6]; [b] [13]; 664.6 [d] [4]).

Although we find of dubious value the evidence in support

of the conclusion that the pond supports breeding for eastern tiger salamanders, there is, however, ample support in the record to sustain the determination of the other asserted ground. Several reports submitted to the respondent described the existence of a shallow groundwater aquifer that feeds and is fed by the pond, and that ultimately percolates down to the main, deeper aquifer or flows laterally over some distance until it joins that aquifer. While we have annulled, in a separate appeal, the respondent's determination as to some ponds on an adjoining parcel *(Matter of Tilles v Williams,* 119 AD2d 233), we did so based on a considerably different record which lacked the reports upon which we rely here and which contained evidence not present here. Bracken, J. P., Brown, Weinstein and Lawrence, JJ., concur.